UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH (973) 645-4693
BANKRUPTCY JUDGE Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

JUN 30 2005

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

June 30, 2005

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Barry Frost, Esq. Peretore & Peretore, PC
Teich Groh Frank Peretore, Esq.
691 State Highway 33 191 Woodport Road
Trenton, New Jersey 08619 Sparta, New Jersey 07871-2641
*Counsel for Debtor* *Counsel for Blackstone Capital Partners, L.P.*

Duane Morris, LLP Nakagawa & Rico
David H. Stein, Esq. Mike K. Nakagawa, Esq.
744 Broad Street, Suite 1200 2151 River Plaza Drive, Suite 195
Newark, New Jersey 07102-3889 Sacramento, California 95833
*Counsel for Creditor* *Counsel for Creditor*
 *Palomar Mountain Spring Water, Inc.*  *Southern Wine & Spirits of America, Inc.*

Duane Morris, LLP
Christopher Celentino, Esq.
Donald F. Ennis, Esq.
101 West Broadway, Suite 900
San Diego, California 92101
*Counsel for Creditor*
 *Palomar Mountain Spring Water, Inc.*

Page 2
June 30, 2005

Re: **Cool, Cool, Water LLC**
   **Case No. 05-24666 (DHS)**

Dear Counsel:

Before the Court is the motion of creditor Palomar Mountain Spring Water, Inc. ("Palomar") to transfer venue of the Debtor's bankruptcy case to the Southern or, in the alternative, Central District of California ("Motion"). Creditors Blackstone Capital Partners, L.P. ("Blackstone") and Southern Wine and Spirits of America, Inc. ("Southern Wine") join the Palomar Motion. The Motion is opposed by the Debtor, Cool, Cool Water, LLC ("Debtor"), and creditor Nationwide Beverage Bottling, Inc. ("Nationwide"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

The Debtor filed in this district for Chapter 11 relief on May 3, 2005. It is undisputed that the Debtor is a New Jersey limited liability company. According to the Debtor's certification, it maintains offices at 1850 Route 46 East, Ledgewood, New Jersey. The Debtor's principal, Stanley Phillips ("Phillips"), manages the Debtor from the New Jersey office, and lives nearby in Pennsylvania. All of the Debtor's books and records are maintained in New Jersey. Debtor's accountants and bankruptcy counsel are in New Jersey. There are no adversary proceedings pending in Debtor's case at this time.

Most of the Debtor's assets are related to or located in a bottling and distribution facility at 250 Airport Circle, Corona, California (the "California Facility"). The California Facility is owned by Cabot

Page 3
June 30, 2005

Properties ("Cabot").[1] Cabot currently leases the California Facility to Southern Wine. Southern Wine, in turn, subleases the facility to the Debtor. Both leases are set to expire at the end of October 2005.

The California Facility is currently operated by Nationwide. According to a certification by Nationwide CEO Steve Rice, Nationwide is negotiating with Cabot, the owner, to lease the California Facility directly from Cabot, providing Southern Wine with an early release of its current lease. See Certification of Steve Rice, dated June 17, 2005, at 2 (hereinafter "Rice Cert."). Rice claims that an agreement will be finalized within 30 days. See Rice Cert., at 2. During oral argument, counsel for the Debtor indicated that the Debtor and Nationwide are negotiating and finalizing a deal to either sell the Debtor's assets to Nationwide or joint-venture a project to provide bottled water to Cosco stores nationwide.

Palomar's involvement with the Debtor stems from Palomar's own Chapter 11 filing in the Southern District of California on July 15, 2003. According to Palomar, prior to its bankruptcy it owned and operated the California Facility. Once it realized the California Facility was being underused, Palomar entered into long-term sublease of the California Facility with Southern Wine. As part of its bankruptcy case, on January 6, 2004, Palomar was authorized to enter into an asset purchase agreement with National Beverage Marketing Group ("National Beverage") which provided for the sale and/or lease of the California Facility and the equipment within that facility to National Beverage, including an assignment of Palomar's sublease with Southern Wine ("the California Facility Transaction"). According to Palomar, National Beverage was unable

---

[1] The Debtor's pleadings state that Cabot is the current owner of the California Facility, while Palomar's motion states it was the prior owner of the California Facility. It is not clear, however, exactly how the Facility was conveyed from Palomar to Cabot.

Page 4
June 30, 2005

to fulfill its obligations, and National Beverage's rights and obligations in the California Facility Transaction, including the sublease with Southern Wine, were assigned to the Debtor. Palomar goes to great lengths to detail the financial relationship between Palomar and the Debtor, but it is sufficient for these purposes to say simply that the Debtor also was unable to perform its obligations, and after several attempts to salvage the deal, the Debtor defaulted, which Palomar claims led the Debtor to file its own Chapter 11 petition. Palomar claims that all of the Debtor's assets and liabilities stem from this California Facility Transaction, which only involves assets located in California.

Debtor's petition lists eight creditors: GE Commercial Finance ("GE"), Karl Reid/The CIT Group ("CIT"), Mach I Funding, Blackstone, Duane Morris (relating to a note to Palomar), Stanley Phillips, Nationwide, and Southern Wine. According to the Debtor, GE is located in Iowa and CIT is located in Arizona. Despite that fact, Palomar claims that both creditors are closely related to California because they hold secured claims in Palomar's California bankruptcy case which were assigned to the Debtor in the California Facility Transaction. Mach I Funding, Blackstone, and Palomar are located in California. Phillips is in New Jersey and Pennsylvania. Nationwide, while located in California, is a Nevada corporation and opposes Palomar's motion. The Debtor claims that the owner of the California Facility, Cabot, is based in Massachusetts, and the current landlord of the California Facility, Southern Wine, is located in Florida. It is clear, in any event, that despite Palomar's assertions to the contrary, many of the creditors and interested parties are located outside California, or are "national creditors" not necessarily limited to California.

The Debtor has no employees in New Jersey or in California. Significantly, there is no one from the Debtor who could readily appear in California. Phillips manages and runs the Debtor from New Jersey. The

Page 5
June 30, 2005

Debtor certified that the original negotiations for the California Facility Transaction took place in New Jersey or by telephone, but not in California. This is contrary to, at least, the implication Palomar conveys in its pleadings, going so far as to state the Debtor "immersed" itself in California. In addition, Debtor's counsel is in New Jersey, while Palomar's counsel is a national law firm with offices and experienced bankruptcy counsel both in New Jersey and California. Should the case be transferred, Debtor would have to incur the additional expense to hire California counsel and travel to California regularly which could overwhelm the Debtor's estate and be prejudicial to other creditors. Finally, the Debtor claims that it is negotiating either a possible sale of assets (or will enter into a joint venture with Nationwide), whereby Nationwide would continue operating the California Facility and lease the facility directly from Cabot.

## **LEGAL CONCLUSION**

The Debtor's choice of venue for filing a Chapter 11 case is governed by 28 U.S.C. § 1408(1). See 28 U.S.C. § 1408(1) (West 2004). Under § 1408, the Debtor is afforded considerable leeway in its choice of venue for its filing – it may choose its "domicile, residence, principal place of business in the United States, or principal assets in the United States." 28 U.S.C. § 1408(1); see also In re Deabel, Inc., 193 B.R. 739, 744 (Bankr. E.D. Pa. 1996). The Debtor may choose any of these enumerated locations per § 1408(1). Since the Debtor is a New Jersey limited liability corporation, venue in this district is proper pursuant to § 1408(1). It is worth noting that there were no changes to the venue statutes in the impending Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, despite much national discussion regarding the

Page 6
June 30, 2005

subject and proposed changes which would have directly addressed Palomar's concerns. The proposed changes were all rejected by Congress.

Even where venue is proper under section § 1408(1), a case may be transferred "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (West 2004); see also Deabel, 193 B.R. at 744 (stating that a Debtor may choose any location described in § 1408(1), subject to a subsequent motion to transfer the case pursuant to § 1412). The ultimate decision to transfer venue is in the court's discretion, and should not be granted liberally. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted).

The moving party has the burden of demonstrating by a preponderance of the evidence that transfer is appropriate. See id. This burden is heavy. "A plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." Id. (quotation omitted); see also In re Enron Corp., 317 B.R. 629 (Bankr. S.D.N.Y. 2004). "Unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Shutte, 431 F.2d at 25.

In determining whether or not to transfer venue, the Third Circuit considers the following factors:

1. plaintiff's choice of forum;
2. defendant's forum preference;
3. whether the claim arose elsewhere;
4. the convenience of the parties as indicated by their relative physical and financial condition;
5. the convenience of the witnesses;
6. the location of books and records;
7. the enforceability of the judgment;

Page 7
June 30, 2005

>   8. practical considerations that could make the trial easy, expeditious, or inexpensive;
>   9. the relative administrative difficulty in the two fora resulting from court congestion;
>   10. the local interest in deciding local controversies at home;
>   11. the public policies of the fora; and
>   12. the familiarity of the trial judge with the applicable law.

[Larami Ltd. v. Yes! Entertainment Corp., 244 B.R. 56, 61 (D.N.J. 2000) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).]

As to the first factor, the Debtor's choice of forum weighs heavily against transferring. As mentioned above, Congress has determined that the choosing of a proper forum is a Debtor's right and that choice will be given deference. See Shutte, 431 F.2d at 25. The Debtor has chosen a proper venue in New Jersey, and only if the balance of other factors weighs heavily in favor of transferring venue to California will this Court do so.

Palomar's forum preference is California. Palomar claims it will be prejudiced if the case remains in New Jersey because its bankruptcy case is pending in California and the court which administers the Debtor's case may have to interpret several agreements between Palomar and the Debtor which are governed by California law. Further, it is alleged that the issues arising out of those agreements in both bankruptcies should be resolved by the same court so that Palomar is not subject to inconsistent rulings. While the Court appreciates Palomar's concern, the Debtor has stated it is in the process of negotiating a sale of its assets or a joint venture, which the Debtor claims will allow it to quickly formulate and implement a plan of reorganization. It should be allowed to pursue that goal in the forum of its choice. Moreover, there is no assurance that Palomar's bankruptcy proceedings will be involved or effected by the Debtor's plans, and this concern alone is not a reason to transfer venue.

Page 8
June 30, 2005

Further, the Court notes that not all creditors have indicated they would be prejudiced by this case being in New Jersey. Two of the Debtor's eight creditors, Blackstone and Southern Wine, support Palomar's transfer motion. However, another creditor, Nationwide, opposes the motion in light of the pending negotiations. No other creditors have indicated a preference, and, as indicated above, are really creditors who deal nationally in scope and either have no preference, or prefer being in the East. Palomar clearly has not met its burden to overcome the Debtor's choice of venue, based on these arguments.

In considering the convenience of the forum for the parties involved, courts have used the following factors:

1. The proximity of creditors of every kind to the Court;
2. The proximity of the bankrupt (debtor) to the Court;
3. The proximity of the witnesses necessary to the administration of the estate;
4. The location of the assets;
5. The economic administration of the estate;
6. The necessity for ancillary administration if bankruptcy should result.

[In re Commonwealth Oil Refining Co., Inc., 596 F.2d 1239, 1247 (5th Cir. 1979) (hereinafter CORCO); see also In re Midland Assocs., 121 B.R. 459, 460-61 (Bankr. E.D. Pa. 1990); In re Windtech, Inc., 73 B.R. 448, 451 (Bankr. D. Conn. 1987).]

Obviously, the California bankruptcy court is more convenient for Palomar, and it claims that continuing the case in New Jersey would result in a "de facto disenfranchising of a significant portion of Debtor's creditors," because a majority of creditors would not be able to attend. See Motion of Palomar Mountain Spring Water, Inc. For Order Transferring Venue to the Southern District of California, at 18. At oral argument, it also was advanced that state regulatory agencies might be disadvantaged as well. These arguments overreach and are not supported by the facts. First, it is not apparent that California is the preferred

Page 9
June 30, 2005

venue for creditors who have not joined the motion, and creditor Nationwide, which is a Nevada corporation located in California, actually prefers the case remain in New Jersey. The other creditors are incorporated in a host of states around the country, and regulatory concerns have not surfaced in the case. If such concerns do arise, they can be addressed by this Court, or the regulatory agency may bring its own motion for relief. Second, Palomar is represented by a national law firm that has offices in Newark whose attorneys are already involved in this case. Those attorneys are very capable of representing their client's interest in this case. In contrast, the Debtor has accountants and counsel based in New Jersey. The expense to the Debtor's estate would be significant, if not overwhelming, if it were forced to hire California counsel and travel regularly to California.

Since the Debtor has no employees in California, the Court is not concerned with their ability to attend or be part of the court proceedings. In addition, the proximity of witnesses does not weigh heavily in the Court's consideration, since the Debtor's witness is in New Jersey, and there is no concrete need for other witnesses at this time.

The most important factors in this case are the location of the Debtor, its assets, and the economic and efficient administration of the case. "Whether the requested transfer would promote the economic and efficient administration of the estate" is the most important factor to consider. See CORCO, 596 F.2d at 1247. Palomar argues that the case would be more efficiently administered in California because that is where the assets are located. Palomar relies upon several classic single-asset real estate cases in which courts held that the preferred venue is where the single asset is located, not where the Debtor management company is found. However, the case sub judice is distinguishable from those cases. The Debtor is in negotiations with

Page 10
June 30, 2005

Nationwide, and Nationwide is negotiating for a direct lease of the California Facility from Cabot. The issues related to the assets will most likely be resolved quickly, and are not of the kind that requires local knowledge, such as extensive valuation testimony. Cf. Midland, 121 B.R. at 461 ("[i]mproved real estate is a particularly local concern" and is better administered by a court where the property is located.); In re Boca Raton Sanctuary Assocs., 105 B.R. 273, 275 (Bankr. E.D. Pa. 1989) (when testimony regarding the value of a single asset is limited, venue is proper in district where management is located). Such local issues are not involved in this case.

The more persuasive line of cases is that which finds the most efficient administration of the case occurs in the district where a debtor manages its business. See, e.g., CORCO, 596 F.2d at 1246 (reorganization is mainly a financial proceeding whereby the debtor's finances are put back in order); Windtech, 73 B.R. at 451. The Windtech court held that the debtor's principal place of business was the more economical and efficient district because that is where the debtor's office, records, accountants, attorneys, and the party with the most information about the debtor's operations were located. See id. That is precisely the case here. The Debtor's office and records are in New Jersey as are its accountants, attorneys, and management. New Jersey is where the Debtor makes business decisions, and where it conducts its business now, no different than at the time it transacted with Palomar. Palomar has not submitted any proofs that demonstrate inconvenience or injustice sufficient to overcome the deference given to the Debtor's proper and lawful choice of venue.

Finally, the forum selection clause in the Palomar asset purchase agreement does not require transfer. That clause governs the forum of any action arising out of that agreement. The filing of a petition under Chapter 11 of the Bankruptcy Code does not constitute an "action" arising out of the asset purchase

Page 11
June 30, 2005

agreement, and Palomar cites no legal authority which supports its argument. Issues regarding the laws of various states are routinely decided by the bankruptcy court and this concern does not warrant a change in venue.

With the weight of the above considerations resting with the Debtor, Palomar has not met its heightened burden of proving that convenience or justice demand venue be transferred to California. The motion is denied.

An Order in conformance with this Opinion has been entered and a copy attached.

Very truly yours,

s/ **Donald H. Steckroth**
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure